AO 245B (Rev. 11/25) Judgment in a Criminal Case (Form modified within District on November 19, 2025)
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

UNITED STATES OF AMERICA
v.
Eric Kyu

## JUDGMENT IN A CRIMINAL CASE

Case Number: 25 CR 00105 (KMK)

USM Number: 29268-511

James Kousouros, Esq.
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s) 1

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2252(a)(5)(B) and (b)(2) | Possession of Child Pornography | 8/7/2024 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☑ Count(s) All open counts ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/9/2026
Date of Imposition of Judgment

[signature]
Signature of Judge

Hon. Kenneth M. Karas, U.S.D.J.
Name and Title of Judge

9/30/26
Date

DEFENDANT: Eric Kyu
CASE NUMBER: 25 CR 00105

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

48 months of imprisonment. The Defendant has been advised of his right to appeal.

☑ The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant be designated to Danbury or nearest to the New York metropolitan area, but not MDC.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☑ before 2 p.m. on 9/30/2026 .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Eric Kyu
CASE NUMBER: 25 CR 00105

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

5 years of supervised release

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Eric Kyu
CASE NUMBER: 25 CR 00105 (KMK)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ________________ Date __________

DEFENDANT: Eric Kyu
CASE NUMBER: 25 CR 00105

## SPECIAL CONDITIONS OF SUPERVISION

In terms of the special conditions, Mr. Kyu is to undergo a sex-offense-specific-evaluation and participate in an outpatient sex offender treatment and/or outpatient mental health treatment program approved by the probation office. He is to abide by all rules, requirements and conditions of the sex offender treatment programs, including submission to polygraph testing and refraining from accessing websites, chat rooms, instant messaging or social networking sites to the extent that the sex offender treatment and/or mental health treatment program determines that such access would be detrimental to his ongoing treatment. He is not to view, access, possess and/or download an pornography involving adults unless approved by the sex-offender-specific treatment provider. He must waive his rights to confidentiality, any records for mental health assessment and treatment imposed as a consequence of this judgment to allow the probation office to review the course of treatment and progress with the treatment provider. He is to contribute to the cost of services rendered based on his ability to pay or the availability of third-party payment.

The Court authorizes the release of available psychological and psychiatric evaluations and reports, as well as the presentence investigation report to the treatment provider. And the reason for this is the very nature of the offense conduct.

Also, Mr. Kyu is to permit the probation office to install any application or software that allows it to survey that allows it to survey and/or monitor all activity on any computers, automated services or connected devices that he will use during the term of supervision and that can access the internet. However, the Probation Department's recommending this includes employer computers, and I don't think that the record supports that. So this is only personal use computers. So if he gets a job and works in an office, then this condition does not apply to those computers. Tampering with or circumventing the probation office's monitoring capabilities is prohibited. To ensure compliance with the computer monitoring condition, Mr. Kyu must allow the probation officer to conduct initial and periodic unannounced examinations of any devices that are covered by this condition that are subject to monitoring. He is to notify others who might use the devices that they are subject to examinations pursuant to this condition. He is provide the probation office advance notification of any planned use of any devices and will not use devices without approval until compatibility is determined and installation is completed. Applications for his devices shall be approved by the probation office once the probation officer ensures compatibility with the surveillance/monitoring application of software.

Websites, chat rooms, messaging, and social networking sites shall be accessed via the device's web browser unless otherwise authorized. He is not to create or access any internet service providers account or other online service using someone else's account, name, designation or alias. He is not to use peer-to-peer and/or file-sharing applications without the prior approval of the probation office.

Also, Mr. Kyu is not to access any websites, chat rooms, instant messaging or social networking sites where his criminal history, including his conviction, would render such access in violation of the terms of service of that website, chat room, instant messaging or social networking site. Again, that reflects the nature of the offense of conviction.

He is restricted from viewing, accessing, possessing and/or downloading any sexually explicit material involving minors, including those created via the method of morphing or other image creation format. He is not to view or possess any visual depiction as defined in 18 U.S.C. Section 2256, including any photograph, file, video, pictures or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, or sexually explicit conduct by a minor under the age of 18. Again, that reflects the offense conduct.

Mr. Kyu is not to have deliberate contact with any child under the age of 18, with the exception of his daughter, unless approved by the probation office. Nor is he to loiter within 100 feet of places regularly frequented by children under the age of 18 such as schoolyards, playgrounds, and arcades. He is not to view and/or access any web profile of users under the age of 18. This includes, but is not limited to, social networking websites, community portals, chat rooms or other online environment, et cetera, which allows for realtime interaction with other users without prior approval from the probation office.

DEFENDANT: Eric Kyu
CASE NUMBER: 25 CR 00105

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 88,000.00 | $ | $ | $ 5,000.00 |

☐ The determination of restitution is deferred until __________ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | $88,000.00 | |
| **TOTALS** | $ 0.00 | $ 88,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments



DEFENDANT: Eric Kyu
CASE NUMBER: 25 CR 00105

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ ______________ due immediately, balance due

☐ not later than ____________________ , or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal __________ *(e.g., weekly, monthly, quarterly)* installments of $ _______ over a period of __________ *(e.g., months or years)*, to commence __________ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal __________ *(e.g., weekly, monthly, quarterly)* installments of $ _______ over a period of __________ *(e.g., months or years)*, to commence __________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within __________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
Order of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ERIC KYU,

Defendant.

CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY

25 Cr. 105 (KMK)

WHEREAS, on or about March 14, 2025, ERIC KYU (the "Defendant"), was charged in a one-count Information, 25 Cr. 105 (KMK) (the "Information"), with possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2) (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to pursuant to Title 18, United States Code, Section 2253, of any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in Count One of the Information and any and all property, real or personal, used or intended to be used to commit or promote the commission of the offense charged in Count One of the Information or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information and any visual depiction described in Title 18, United States Code, Section 2253(a)(1), and the following specific property, all of which was seized by the Government on or about August 7, 2024, from the residence of the Defendant at the time of his arrest:

a. One silver SanDisk USB, marked with barcode E7326645;

b. One Microsoft surface computer;

c. One Cynagone cellphone, model A0001 One plus; and

d. One desktop computer, Ryzen 5000 series

(a. through d., collectively, the "Specific Property");

WHEREAS, on or about March 14, 2025, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all right, title and interest of the Defendant in, *inter alia*, the Specific Property;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property, as property used or intended to be used to commit or promote the commission of the offense charged in Count One of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney David Markewitz, of counsel, and the Defendant and his counsel, James Kousouros, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is

hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant ERIC KYU, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances

of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: ______________________ 7/12/2026
David Markewitz DATE
Assistant United States Attorney
50 Main Street
White Plains, New York 10606
(212) 637-2260

ERIC KYU

By: ______________________ 7.09.26
Eric Kyu DATE

By: ______________________ July 9, 2026
James Kousouros, Esq. DATE
Attorney for Defendant
260 Madison Avenue, 22nd Floor
New York, NY 10016

SO ORDERED:

______________________ 7/9/26
HONORABLE KENNETH M. KARAS DATE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ERIC KYU

**Consent**
**Order of Restitution**

25 Cr. 105 (KMK)

Upon the application of the United States of America, by its attorney, James M. McDonald, United States Attorney for the Southern District of New York, David A. Markewitz, Assistant United States Attorney, of counsel; the presentence investigation report; the defendant's conviction on Count One of the Information; and all other proceedings in this case, it is hereby ORDERED that:

**1. Amount of Restitution**

Eric Kyu, the defendant, shall pay restitution in the total amount of $109,000, pursuant to 18 U.S.C. §§ 2259, 3663, and 3663A, to the victims of the offense charged in Count One. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

**A. Joint and Several Liability**

Restitution is not joint and several with other defendants or with others not named herein.

**B. Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victims identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed

proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

2. Schedule of Payments

Pursuant to 18 U.S.C. § 3664(f)(2) (incorporating § 3572), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows: The total amount of restitution is due and payable immediately pursuant to 18 U.S.C. § 3572(d)(1) upon entry of this judgment. This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), to the extent warranted.

3. Payment Instructions

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his/her name and the docket number of this case on each check or money order.

4. Change in Circumstances

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any

material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

5. <u>Term of Liability</u>

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

[*Remainder of the page intentionally left blank*]

6. **Sealing**

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used by or disclosed to the listed victims, the Government, the investigating agency, the Clerk's Office, and the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

AGREED AND CONSENTED TO:

JAMES M. McDONALD
United States Attorney for the
Southern District of New York

By: ______________________ 8/7/2026
David A. Markewitz DATE
26 Federal Plaza
New York, NY 10278
Tel.: (212) 637–2260

ERIC KYU

By: ______________________ DATE 8/10/2026
Eric Kyu

By: ______________________ DATE 2026.08.11
James Kousouros, Esq.

SO ORDERED:

______________________ DATE 8/21/26
HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE